# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

PENNY SUE STOUT,

        Plaintiff,

                                           **Civil Action 2:18-cv-00485**

                                           **Chief Judge Edmund A. Sargus, Jr.**

        **v.**                                    **Magistrate Judge Chelsey M. Vascura**


COMMISSIONER OF SOCIAL SECURITY,

        **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Penny Sue Stout ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner"), in which the Commissioner found that Plaintiff was not disabled and, therefore, not entitled to disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 416(i), 423. This matter is before the United States Magistrate Judge for a report and recommendation on Defendant's Motion to Dismiss Complaint, or Alternatively, Motion for Summary Judgment (ECF No. 11) and Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 14). For the reasons that follow, the undersigned **RECOMMENDS** that Defendant's Motion be **DENIED**.

## I.      BACKGROUND

On August 3, 2016, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim. (Notice of Decision—Unfavorable, ECF No. 11-1, PAGEID #56–75.) On October 24, 2017, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final and appealable decision of the Commissioner. (Notice of Appeals Council Action, ECF No. 11-1, PAGEID #76–82.)

Plaintiff, through counsel, submitted her request for an extension to file an appeal on December 20, 2017, stating that counsel had been unable to reach Ms. Stout to discuss the possibility of an appeal. (Compl. ¶ 5, ECF No. 3; Request for Extension of Time, ECF No. 11-1, PAGEID #84–86.) On March 26, 2018, Plaintiff followed up on that request. (Fax Cover Sheet, ECF No. 11-1, PAGEID #83.) On April 26, 2018, Plaintiff, through counsel, submitted a motion to amend request for extension to file. (Compl. ¶ 5, ECF No. 3; Motion to Amend, ECF No. 11-1, PAGEID #87–88.) The amendment stated that the previous grounds for the extension had been given in error; in fact, contact had been established with Ms. Stout and she wished to pursue an appeal, but she required additional time to collect the necessary funds to pay the district court's filing fee. (*Id.*)

On May 16, 2018, Plaintiff filed the instant action with this Court. (ECF No. 1.) On June 5, 2018, the Appeals Council denied Plaintiff's request for more time to file an appeal. (Letter from David E. Clark, ECF No. 11-1, PAGEID #89–90.)

On August 16, 2018, the Commissioner filed a Motion to Dismiss Complaint, or Alternatively, Motion for Summary Judgment, in which she argues first that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as time-barred. The Commissioner further argues that Plaintiff is not entitled to equitable tolling because she has not shown extraordinary circumstances that would merit tolling that statute of limitations. In the alternative, the Commissioner argues that, in the event the Court determines it must convert her 12(b)(6) motion into a motion for summary judgment under Federal Rules of Civil Procedure 12(d) and 56, she is entitled to judgment as a matter of law. On September 6, 2018, Plaintiff filed her Response to Defendant's Motion to Dismiss, in which she asserts that she is entitled to equitable tolling under the United States Court of Appeals for the Sixth

Circuit's five-part balancing test.  The Commissioner did not file a reply.

## II.    STANDARD OF REVIEW

### A.  Standard of review for dismissal under Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss under Rule 12(b)(6), the Court must "accept non-conclusory allegations of fact in the complaint as true and determine if the plaintiff has stated a plausible clam for relief."  *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 846 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

### B.  The Court need not convert the Commissioner's motion to dismiss to a motion for summary judgment.

As an initial matter, the Undersigned finds that, with the exception of the Appeals Council's June 5, 2018 denial of Plaintiff's request for an extension of time, all documents submitted as exhibits by the Commissioner in support of summary judgment were directly referenced in Plaintiff's Complaint.  (ECF No. 3, ¶¶ 3–5.)  And as the June 5, 2018 denial of extension was not yet in existence at the time Plaintiff commenced this action on May 16, 2018, it cannot bear on whether her Complaint was timely and is therefore irrelevant.  Accordingly, there is no need to convert the Commissioner's motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rules 12(d) and 56.  *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007) ("[W]hen a document is referred to in the

pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment"). Therefore, the Undersigned considers the Commissioner's motion for summary judgment under the same standard as the motion to dismiss.

### III.    DISCUSSION

Plaintiff's Complaint was due on or before December 29, 2017. Section 405(g) of the Social Security Act provides that "any individual . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The implementing regulations consistently provide, "[a]ny civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). A claimant is presumed to have received the notice of the Appeals Council's denial of request for review five days after the date of the notice, unless the claimant can make a reasonable showing otherwise. *Id.* Applying these rules here, Plaintiff is presumed to have received the October 24, 2017 letter by October 29, 2017. Thus, Plaintiff had to file her Complaint on or before December 29, 2017, in order to comply with the limitations period of Section 405(g). Plaintiff did not file until May 16, 2018.

The undersigned finds, however, that Plaintiff has demonstrated that she is entitled to equitable tolling of the deadline for filing her Complaint. "Section 405(g) of the Social Security Act authorizes the Commissioner to toll the 60-day limitations period under appropriate circumstances." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007). In *Hykes v. Lew*, the Sixth Circuit instructed that a court should consider the following factors when

4

determining whether equitable tolling is appropriate:

> (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing his rights; (4) lack of prejudice to the defendant; and (5) whether the plaintiff's ignorance was reasonable.

*Hykes v. Lew,* No. 16-5509, 2017 WL 4863108, at *2 (6th Cir. Mar. 1, 2017) (citing *Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007)). These five factors are not exclusive, and the decision of whether a plaintiff is entitled to equitable tolling "should be made on a case-by-case-basis." *Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007) (citing *Armini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001)).

Here, the first, second, and fourth factors weigh against Plaintiff. Plaintiff had notice (and therefore constructive knowledge) of the filing requirement, as stipulated in her statement of facts. (Pl.'s Resp. 1–2, ECF No. 14.) Although the Commissioner has not alleged any prejudice, as courts in this district have previous held, "there are millions of applicants for Social Security benefits each year, and the lack of a clear filing deadline could create havoc in the system." *Ridner v. Comm'r of Soc. Sec.,* No. 1:11-CV-434, 2012 WL 1156430, at *4 (S.D. Ohio Apr. 6, 2012) (quoting *Cook*, 480 F.3d at 437). Thus, Plaintiff's five-month delay in filing could prejudice the Commissioner.

Other considerations, however, persuade the undersigned that equitable tolling is appropriate in the instant case. Specifically, Plaintiff diligently pursued her rights by timely filing a request for an extension of time to file a civil appeal on December 20, 2017, following up on that request on March 26, 2018, and amending that request on April 26, 2018. When, as here, a plaintiff's good faith effort to seek a timely extension is supported by the record, equitable tolling is appropriate. *See Baker v. Comm'r of Soc. Sec.* No. 10-13748, 2011 WL 1598632, at *3–4 (E.D. Mich. Apr. 28, 2011). In addition, the Appeals Council failed to notify Plaintiff that

her request for an extension of time was denied prior to her filing the Complaint. Instead, the Appeals Council waited *more than five months* after the expiration of the deadline for Plaintiff to file her Complaint to deny her requested extension. Such a delay from the Appeals Council likewise weighs in favor of equitable tolling. *See Dixon v. Gonzales*, 481 F.3d 324, 311 (6th Cir. 2007) (finding that delay in prompt response from agency is sufficient grounds for equitable tolling). Moreover, it was reasonable for Plaintiff to expect that the Appeals Council would grant her request. *See Baker*, 2011 WL 1598632, at *4 ("[R]equests for extensions are routinely entertained by the Appeals Council"); *see also Sanchez v. Barnhart*, No. 03-C-537-C, 2004 WL 1005589, at *2 (W.D. Wis. May 4, 2004) ("This court takes judicial notice of the fact that the Appeals Council grants extensions routinely and that it sometimes takes several months for it to respond to a claimant's request for an extension.").

Accordingly, the undersigned finds that Plaintiff is entitled to equitable tolling and that, therefore, her Complaint was timely filed.

## IV.    DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss Plaintiff's Complaint, or Alternatively, Motion for Summary Judgment (ECF No. 11) be **DENIED**.

## V.    PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See *Thomas v. Arn,* 474 U.S. 140 (1985); United *States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE
